IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JERMAINE LAMONT JENKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:13CR487-1 |
| ) | 1:16CV1056 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Court (per Senior United States District Judge N. Carlton Tilley, Jr.) previously entered a Judgment against Petitioner imposing, inter alia, consecutive prison terms of 130 months and 24 months, as a result of his guilty plea to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (Docket Entry 175; see also Docket Entry 85 (Superseding Indictment); Docket Entry 110 (Factual Basis); Docket Entry 113 (Plea Agt.); Docket Entry 198 (Plea Hrg. Tr.); Docket Entries 199, 200 (Sent'g Hrg. Tr.).)[1] The United States Court of Appeals for the Fourth Circuit affirmed. United States v. Jenkins, 628 F. App'x 204 (4th Cir. 2016).[2]

Petitioner then timely filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion")

---

[1] Parenthetical citations refer to Petitioner's criminal case.

[2] Petitioner did not seek review by the United States Supreme Court. (Docket Entry 225, ¶ 9(g).)

(Docket Entry 225), along with a Memorandum of Law in Support (Docket Entry 226). The United States responded in opposition (Docket Entry 239) and Petitioner replied (Docket Entry 226).

Petitioner's Section 2255 Motion raises this lone claim: "Ineffective Assistance of Counsel for Failing to Object to Improper Guideline Calculation." (Docket Entry 225, ¶ 12, Ground One.) Specifically, Petitioner has asserted that his counsel should have "object[ed] to a two-level increase pursuant to § 2B1.1(b)(10)(A), which caused [him] to receive additional jail time." (Id., ¶ 12, Ground One (a); see also Docket Entry 141, ¶ 81 ("Since [Petitioner] relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials, the offense level is increased by 2 levels, pursuant to USSG §2B1.1(b)(10)(A)."); Docket Entry 226 at 6 ("Petitioner's counsel failed to object to an improper calculation of a two-level increase under the U.S.S.G. Manual § 2B1.1(b)(10)(A) for relocating the fraud offense to evade law enforcement.").)

Petitioner possessed a federal constitutional right to effective assistance of counsel in his federal criminal case. See U.S. Const. amend. VI; McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To establish constitutional ineffectiveness, Petitioner must show that his counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted. See

2

Strickland v. Washington, 466 U.S. 668, 687-94 (1984). "Surmounting *Strickland*'s high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted); see also United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014) ("To meet th[e prejudice] element of an ineffective assistance claim, [the defendant] would have to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different and that the result of the proceeding was fundamentally unfair or unreliable." (internal quotation marks omitted)).

The Guideline section at issue here provides, in relevant part, that, "[i]f (A) the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials . . ., increase by 2 levels." U.S.S.G. § 2B1.1(b)(10). As noted by the United States, the Presentence Report properly applied the foregoing specific offense characteristic increase because:

> [A]nother co-conspirator who cashed stolen checks[ under Petitioner's direction] stated that she went to Tennessee, South Carolina, North Carolina, and Texas to cash checks with various co-conspirators, and that on each occasion, "the group stayed in town for one to two weeks until it got hot." As the Tenth Circuit has held, testimony that the operators of a scheme to defraud "moved from [one state] to [another] because [the first state] became 'hot' after one of the recruits was

3

> arrested suffices to establish that the relocation was 'to evade law enforcement.'"

(Docket Entry 239 at 7 (internal parenthetical citation and ellipsis omitted) (quoting Docket Entry 141, ¶ 24 and <u>United States v. Paredes</u>, 461 F.3d 1190, 1192 (10th Cir. 2006), respectively); <u>see also</u> <u>id.</u> at 7-8 ("The necessity for moving the conspiracy to another town or state was evidenced by the variety of locations where the co-conspirators were arrested." (citing Docket Entry 141, ¶¶ 21, 42, 48, 50, 54, 55).)

Petitioner's ineffective assistance of counsel claim thus fails as a matter of law. <u>See</u> <u>Oken v. Corcoran</u>, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel [i]s not constitutionally ineffective in failing to [take action if] . . . it would have been futile for counsel to have done so . . . .")).[3]

---

[3] Notably, Petitioner's counsel has averred that he "discuss[ed] the U.S.S.G. § 2B1.1(b)(10)(A) enhancement with [Petitioner]. [Petitioner's] counsel] recall[ed] researching this matter, and telling [Petitioner] that, in [Petitioner's counsel's] professional opinion, [Petitioner] did not have a legal basis for an objection to this enhancement." (Docket Entry 239-1, ¶ 9; <u>see also</u> <u>id.</u>, ¶ 10 ("My understanding at the time was that [Petitioner] acquiesced to my legal advice and position that this enhancement should not be challenged.").) Petitioner's Reply does not contest that account, but instead argues that his counsel provided ineffective assistance by failing to make a futile objection because of the mere possibility that the law on this front might change. (<u>See</u> Docket Entry 245 at 1-3.) As quoted above, the Fourth Circuit has rejected that view. <u>See</u> <u>Oken</u>, 220 F.3d at 269.

4

**IT IS THEREFORE RECOMMENDED** that Petitioner's Section 2255 Motion (Docket Entry 225) be denied, without issuance of a certificate of appealability.

>                       /s/ L. Patrick Auld
>                    **L. Patrick Auld**
>           **United States Magistrate Judge**

June 9, 2017